**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

            **Plaintiff,**                      **CRIMINAL ACTION**

  v.

                                      **Case No. 11-cr-20132-11-KHV-DJW**

**KARINA SOTO-LOPEZ,**

            **Defendant.**

**MEMORANDUM AND ORDER**

On December 21, 2011, a grand jury charged Defendant Karina Soto-Lopez, as well as ten other defendants, with theft of U.S. Department of Housing and Urban Development Section 8 Program housing rent subsidies, and making a false statement on an application for rent subsidies.[1] This matter is before the Court on the United States' oral motion for pretrial detention of Defendant Karina Soto-Lopez (ECF No. 48) made on February 14, 2012. The Court held a detention hearing on the motion on February 22, 2012. The Court has considered the motion and the statements of counsel during the hearing, and, for the reasons set forth below, finds that the Motion should be denied and Defendant should be released subject to certain conditions to be determined at a future hearing.

**I.**      **Standards for Detention**

Under the Bail Reform Act of 1984, the Court must order the pretrial release of the accused, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

---

[1]*See* Indictment (ECF No. 1), Counts 37-39, and 40.

the community."[2] In making this determination, the Court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. [3]

The government has the burden to prove the risk of flight by a preponderance of the evidence.[4] The government must prove a danger to other persons or the community by clear and convincing evidence.[5] The court must resolve all doubts regarding the propriety of release in the defendant's favor.[6]

---

[2] 18 U.S.C. § 3142(e).

[3] 18 U.S.C. § 3142(g).

[4] *See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

[5] *See id.* (citing 18 U.S.C. § 3142(f)).

[6] *U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

**II.     Application of the Factors**

     **A.     Nature and Circumstances of the Offense**

Defendant is charged with three counts of theft of public money under 18 U.S.C. § 641, and one count of making a false statement on a rent subsidy application under 18 U.S.C. § 1001. If convicted of theft of public money, Defendant could face maximum penalties of not more than 10 years on each count. If convicted of making a false statement, Defendant could face imprisonment of not more than 5 years.

The government estimates the loss from Defendant's alleged theft of public monies totals $18,497. The government indicates that if, convicted, Defendant could expect a sentence range of 6 to 12 months. The nature of the alleged offenses is theft by fraud and did not involve the use of violence, force, or weapons. Based upon the amount of monies involved, the probable penalty to be imposed is not so great that Defendant would be expected to flee. Although the nature of the offense may reflect a dishonest or deceitful character, the Court does not find these to be determinative in themselves as showing Defendant to be a flight risk. The Court considers this factor to weigh in favor of pretrial release.

     **B.     Weight of the Evidence**

The Court finds that while the record contains some evidence that Defendant knowingly and unlawfully made materially false statements and representations on an application for rent subsidy benefits, and thereby unlawfully stole rent subsidy payments to which she was not qualified to receive, the evidence is not so overwhelming that it must weigh in favor of detention. The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that Defendant has committed them. This factor is neutral.

C.     **History and Characteristics of Defendant**

Defendant is a 26-year old female, single citizen of Mexico.  She came to the United States 18 years ago with her mother and oldest sister when she was only eight years old.  She has never returned to Mexico and does not want to return.  Defendant has two children (ages 5 and 8), both of which are U.S. citizens.  She was married to a U.S. citizen who served in the U.S. military. Defendant's mother and three sisters lives in Mexico.  Defendant has not seen her mother in four years and only sees her mother when her mother visits here.  Defendant and her two children currently live with her boyfriend.  She is currently employed part-time.

Immigration and Customs Enforcement ("ICE") has lodged a detainer against Defendant due her illegal status.  The government argues that Defendant is a risk of flight based upon the ICE detainer.  While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.[7]  As this Court has previously noted in the companion cases of *U.S. v. Lozano-Miranda*,[8] and *U.S. v. Garcia-Gallardo*,[9] the existence of the ICE detainer is not in and of itself sufficient grounds to find that a defendant poses a flight risk. Under 8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States . . .."[10]  The departure of an "alien who is needed in the United States as . . . a party to[] any criminal case . . . pending in a court in the United

---

[7]*See Chavez-Rivas*, 536 F. Supp. 2d at 964 n. 3 (citations omitted).

[8]No. 09-cr-20005-KHV, 2009 WL 113407, at *3 n.13 (D. Kan. Jan. 15, 2009).

[9]No. 09-cr-20005-KHV, 2009 WL 113412, at *2 n.13 (D. Kan. Jan. 15, 2009).

[10]8 C.F.R. § 215.2(a).

4

States" is deemed prejudicial to the interests of the United States.[11]  The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."[12]

The government also argues that Defendant should be detained because she had shown that she can obtain fraudulent documents to establish a different identity.  The Court finds that the government has not carried its burden in this regard.  While recognizing that there is some risk of flight by Defendant due to the ICE detainer, the Court finds this risk is outweighed by Defendant's established family ties to the community, the ages of her children, and the 18 years she has lived in the United States, the nature of the charges, and her lack of a prior criminal record.  The Court determines that there are conditions of release that could be set to reasonably assure Defendant's presence at trial.  This factor weighs in favor of pretrial release.

### D. Danger to the Community

Defendant has one minor traffic violation from 2011.  The United States has not shown that Defendant poses any risk of danger to the community or other persons.  Thus, the Court finds that this factor weighs in favor of pretrial release.

## III. Conclusion

Having considered all relevant pleadings and the statements of counsel during the February 22, 2012 hearing, the Court finds that Defendant should be released.  As set out above, under the

---

[11] 8 C.F.R. § 215.3.

[12] *Id.* (emphasis added).

5

Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."[13] Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the United States has not met its burden to show that no set of conditions of release will assure Defendant's pretrial presence and protect the community and other persons from danger.

**IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention of Defendant Karina Soto-Lopez (ECF No. 48) is denied.  Defendant shall be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **February 29, 2012 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that Pretrial Services shall provide proposed conditions of release no later than **February 27, 2012.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of February 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

---

[13] 18 U.S.C. § 3142(e).

6